Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303
Fax 610-672-1944
Eml JMullaney@ConsumerLitigators.com

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY L. FREEMAN, a citizen of the Commonwealth of Pennsylvania, <br><br> Plaintiff, <br><br> v. <br><br> LVNV FUNDING LLC, a limited liability company of the State of Delaware, <br><br> and <br><br> APOTHAKER & ASSOCIATES, P.C., a professional corporation of the Commonwealth of Pennsylvania, <br><br> Defendants. | DOCKET NO.: <br><br> **CIVIL ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

## PARTIES

1. Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania residing in Dauphin County.

2. Defendant LVNV FUNDING LLC, a limited liability company of the State of Delaware ("LVNV"), is an artificial person and regularly conducts

business in the Commonwealth of Pennsylvania and is principally located at 15 South Main Street, #600, Greenville, SC 29601 and maintains a registered address of The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. Defendant APOTHAKER & ASSOCIATES, P.C., a professional corporation of the Commonwealth of Pennsylvania ("A&A"), is an artificial person and regularly conducts business in the Commonwealth of Pennsylvania and is principally located at 520 Fellowship Road, Suite C306, Mount Laurel, NJ 08054 and maintains a registered address of 15 Penarth Road, Bala Cynwyd, PA 19004.

4. Defendants are agents of each other and acted to each other's benefit within the course and scope of their agency and acted in concert with each other; therefore, the Defendants are individually, jointly, and severally liable for the violations and damages of the other described in this Complaint.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

6. Personal jurisdiction is proper pursuant to 42 Pa. C.S.A. § 5322 because the Defendants purposely availed themselves to the privileges of conducting business within the Commonwealth of Pennsylvania.

7.  Supplemental jurisdiction over Plaintiff's state-law claims is proper pursuant to 28 U.S.C. § 1367.

8.  Venue and *forum conveniens* in the United States District Court for Middle District of Pennsylvania is proper pursuant to 28 U.S.C. § 1391(b) because the acts and omissions complained of in this Complaint occurred in the County of Dauphin in the Commonwealth of Pennsylvania and because the Defendants conduct business within the County of Dauphin.

## FACTUAL ALLEGATIONS

9.  Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

10. The Defendants alleged that Plaintiff owed money lent on a Providian Financial Corp ("Providian") account.

11. Providian issued the alleged account so that Plaintiff could purchase goods and service of a personal, family, or household nature.

12. Plaintiff had not used, accessed, or obtained money from the Providian account in or around 1999.

13. Plaintiff defaulted on the alleged account in or around 1999.

14. On or about December 19, 2008, and well after the expiration of the applicable statute of limitations, Defendants sued Plaintiff in the Court of

Common Pleas, Dauphin County, Pennsylvania regarding the alleged Providian account.

15. In or around March 2009, Defendants obtained a default judgment against Plaintiff.

16. Plaintiff attempted to settle the default judgment with the Defendants.

17. On or about April 22, 2009, Plaintiff and Defendants' agent, "Debra," agreed to withdraw from Plaintiff's bank account $305.00 four (4) times over four (4) months and that thereafter, Plaintiff's payments would be $175.00 per month until the judgment balance was paid in full.

18. Plaintiff authorized the Defendants to access her bank account for four (4) payments and not more.

19. Plaintiff provided Defendants with four (4) check numbers in which to initiate the withdrawal of funds from her bank account for the four (4) payments.

20. Plaintiff and Defendants agreed that after the fourth (4th) payment, there would be a renegotiation of Plaintiff's payment methods for the remaining payments of $175.00 per month.

21. Defendants mailed to Plaintiff many letters that threatened to withdraw money from her bank account prior to the date of the postdated instruments created by the Defendants to withdraw money from her bank account.

22. Defendants failed to honor their agreement with Plaintiff and continued to withdraw more than four (4) payments of $305.00 from Plaintiff's bank account.

23. Defendants withdrew additional money from Plaintiff's bank account after the four (4) payments without Plaintiff's authorization.

24. Defendants accessed and withdrew money from Plaintiff's account without authorization on December 30, 2009, January 30, 2010, February 28, 2010, and April 8, 2010.

25. Defendants failed to honor their agreement to demand only $175.00 from Plaintiff after she made her four (4) payments of $305.00.

26. On or about January 20, 2010, Defendants mailed a letter to Plaintiff that threatened to not only withdraw money from Plaintiff's bank account without authorization, but also threatened to withdraw the money before the date of the alleged postdated instrument.

27. On or about March 22, 2010, Defendants' agent, "Rob Meyers," telephoned Plaintiff and threatened to withdraw money from her bank account despite her statement that Defendants were unauthorized to do so.

28. During that same conversation, Rob Meyers screamed at Plaintiff and told her to shut up a number of times when Plaintiff protested Defendants'

continued withdrawal and attempted withdrawal of money from her bank account.

29. On or about March 22, 2010, Defendants mailed a letter to Plaintiff that threatened to not only withdraw money from Plaintiff's bank account without authorization, but also threatened to withdraw the money before the date of the alleged postdated instrument.

30. On or about March 29, 2010, Defendants mailed a letter to Plaintiff that threatened to not only withdraw money from Plaintiff's bank account without authorization, but also threatened to withdraw the money before the date of the alleged postdated instrument.

31. On or about May 6, 2010, Plaintiff mailed a letter to Defendants stating that she did not wish to receive any more telephone calls from the Defendants because of the abusive yelling and words uttered by Rob Meyers.

32. On or about May 8, 2010, said letter was received by the Defendants.

33. On or about May 10, 2010, Defendants telephoned Plaintiff despite her demand that Defendants not place telephone calls to her.

34. As a result of Defendants' unlawful acts and omissions, Plaintiff sustained economic and noneconomic damages including, *inter alia*, severe mental distress, humiliation, and fear and physical manifestations of same.

## COUNT ONE
## (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

35. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

37. Defendant alleged Plaintiff owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. § 1692a(5).

38. Defendants are regularly engaged in the collection of defaulted consumer debts.

39. Defendants engaged in "communication[s]" regarding the alleged debt with the Plaintiff as defined 15 U.S.C. § 1692a(2).

40. Defendants are "debt collector[s]" as defined 15 U.S.C. § 1692a(6).

41. Without lawful right, the Defendants communicated in connection with the collection of the alleged debt at unusual times and places inconvenient and known to be inconvenient to the Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

42. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means by threatening to take actions that could not legally be taken in violation of 15 U.S.C. § 1692e(5).

43. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

44. In connection with the collection of the alleged debt, the Defendants used unfair and unconscionable means by depositing or threatening to deposit postdated checks or other postdated instruments without authorization in violation of 15 U.S.C. § 1692f.

45. In connection with the collection of the alleged debt, the Defendants used unfair and unconscionable means by depositing or threatening to deposit postdated checks or other postdated instruments prior to the date on such check or instrument in violation of 15 U.S.C. § 1692f(4).

46. As a direct and proximate result of the Defendants' violation of 15 U.S.C. § 1692, *et seq*., Plaintiff incurred pecuniary and nonpecuniary damages and frustration and anxiety.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, statutory damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

## COUNT TWO
### (Pa. Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-1, *et seq.*)

47. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

48. Plaintiff is a "person" as defined by 73 P.S. § 201-2(2).

49. Defendants are "persons" as defined by 73 P.S. § 201-2(2).

50. Defendants engaged in "trade" and "commerce" as defined by 73 P.S. § 201-2(3).

51. Defendants engaged in "unfair methods of competition" and "unfair or deceptive acts or practices" as defined by 73 P.S. § 201-2(4)(xxi).

52. Defendants engaged in "unfair methods of competition" and "unfair or deceptive acts or practices" declared unlawful by 73 P.S. § 201-3.

53. Defendants violated 73 P.S. § 201-1, *et seq.* by violating 73 P.S. § 2270.1, *et seq.*

54. As a direct and proximate result of the Defendants' violation of 73 P.S. § 201-1, *et seq.*, Plaintiff incurred pecuniary and nonpecuniary damages.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, statutory damages, treble damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

## COUNT THREE
## (Pa. Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*)

55. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

56. The Defendants violated 73 P.S. § 2270.4(a) by violating 15 U.S.C. 1692 § 1692, *et seq*.

57. The Defendants violated 73 P.S. § 2270.4(b)(2)(i) by communicating with the Plaintiff at unusual or inconvenient times.

58. The Defendants violated 73 P.S. § 2270.4(b)(5)(v) by taking or threatening to take actions that could not be legally taken.

59. The Defendants violated 73 P.S. § 2270.4(b)(5)(x) by using false, deceptive, and misleading representations and means to collect or attempt to collect the alleged debt.

60. The Defendants violated 73 P.S. § 2270.4(b)(6) by using unfair and unconscionable means by depositing or threatening to deposit postdated checks or other postdated instruments without authorization.

61. The Defendants violated 73 P.S. § 2270.4(b)(6)(iv) by using unfair and unconscionable means by depositing or threatening to deposit postdated checks or other postdated instruments prior to the date on such checks or instruments.

62. Defendants violated 73 P.S. § 201-1, *et seq*. by violating 73 P.S. § 2270.1, *et seq*.

63. As a direct and proximate result of the Defendants' violation of 73 P.S. § 2270.1, Plaintiff incurred pecuniary and nonpecuniary damages.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, statutory damages, treble damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

**Plaintiff demands a trial by jury as to all Counts.**

> BY:  s/Joseph A. Mullaney, III
> Joseph A. Mullaney, III, Esq.
> **CONSUMER LITIGATION GROUP**
> Law Office of Dimitrios Kolovos, LLC
> 211 West State Street, Suite 204
> Media, PA  19063
> Tel 610-616-5303
> Fax 610-672-1944
> Eml JMullaney@ConsumerLitigators.com