UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                          :
STANLEY L. FREEMAN                        :        Civil Action
                                          :
            Plaintiff                     :
                                          :
            vs.                           :        No. 1:11-cv-00149-YK
                                          :
LVNV FUNDING, LLC., and                   :
APOTHAKER & ASSOCIATES, P.C.              :        Electronically Filed
                                          :
            Defendants                    :
_____ _____ :


ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS LVNV FUNDING LLC AND APOTHAKER & ASSOCIATES, P.C.


        NOW COME Defendants, LVNV Funding LLC (hereinafter sometimes "LVNV") and APOTHAKER & ASSOCIATES, P.C. (hereinafter sometimes "A&A") by and through undersigned counsel, and for their answer to Plaintiff's complaint, state as follows:

        1.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶1, which has the effect of a denial.

        2.   LVNV admits the allegations contained in ¶2 of Plaintiff's Complaint.

        3.   A&A admits the allegations contained in ¶3 of Plaintiff's Complaint.

        4.   The allegations contained in ¶4 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶4 of Plaintiff's Complaint.

JURISDICTION AND VENUE

5.  Defendants admit the allegations of ¶5 for jurisdictional purposes only.

6.  Defendants admit the allegations of ¶6 for jurisdictional purposes only.

7.  Defendants admit the allegations of ¶7 for jurisdictional purposes only.

8.  Defendants admit the allegations of ¶8 for jurisdictional purposes only.

FACTUAL ALLEGATIONS

9.   All allegations incorporated by reference by Plaintiff in ¶9 of his Complaint are admitted and denied in the same manner and to the same extent as all such allegations have been admitted and/or denied by the Defendants herein.

10.  LVNV and A&A admit the allegations contained in ¶10 of Plaintiff's Complaint.

11.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶11, which has the effect of a denial.

12.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶12, which has the effect of a denial.

13.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶13, which has the effect of a denial.  By way of further answer, Plaintiff continued making payments on said account at least through May 18, 2005.

14.  Defendants admit that LVNV sued Plaintiff Freeman in the Court of Common Pleas of Dauphin County, Pennsylvania.  All other allegations in ¶14 are conclusions of law to which no answer is required.  To the extent that any

answer is required, Defendants deny the allegations contained in ¶14 of Plaintiff's Complaint.

15. Defendants admit the allegation contained in ¶15.

16. Defendants admit the allegation contained in ¶16.

17. Defendants admit the allegation contained in ¶17.

18. Defendants deny the allegations contained in ¶18 of Plaintiff's Complaint.

19. Defendants admit the allegation contained in ¶19.

20. Defendants deny the allegations contained in ¶20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in ¶21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in ¶22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in ¶23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in ¶24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in ¶25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in ¶26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in ¶27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in ¶28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in ¶29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in ¶30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in ¶31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in ¶32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in ¶33 of Plaintiff's Complaint.

34. Plaintiff's allegation of "unlawful acts and omissions" is a conclusion of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶34 of Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations of ¶34, which has the effect of a denial.


COUNT ONE

35. All allegations repeated and/or incorporated by reference by Plaintiff in ¶35 of his Complaint are admitted and denied in the same manner and to the same extent as all such allegations have been admitted and/or denied by the Defendants herein.

36. Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations of ¶36, which has the effect of a denial.

37.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of ¶37, which has the effect of a denial.

38.   The allegations contained in ¶38 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶38 of Plaintiff's Complaint.

39.   The allegations contained in ¶39 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶39 of Plaintiff's Complaint.

40.   The allegations contained in ¶40 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶40 of Plaintiff's Complaint.

41.   The allegations contained in ¶41 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶41 of Plaintiff's Complaint.

42.   Defendants deny the allegations contained in ¶42 of Plaintiff's Complaint.

43.   Defendants deny the allegations contained in ¶43 of Plaintiff's Complaint.

44.  Defendants deny the allegations contained in ¶44 of Plaintiff's Complaint.

45.  Defendants deny the allegations contained in ¶33 of Plaintiff's Complaint.

46.  Plaintiff's allegation of the "Defendant's violation of 15 U.S.C. §1692, et seq., is a conclusion of law to which no answer is required.  To the extent that any answer is required, Defendants deny that allegation. Defendants are without sufficient knowledge or information to form a belief as to the truth of the other allegations of ¶46, which has the effect of a denial.


COUNT TWO

47.  All allegations repeated and/or incorporated by reference by Plaintiff in ¶47 of his Complaint are admitted and denied in the same manner and to the same extent as all such allegations have been admitted and/or denied by the Defendants herein.

48.  The allegations contained in ¶48 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶48 of Plaintiff's Complaint.  Defendants only admit that 73 P.S. §201-2(2) speaks for itself.

49.  The allegations contained in ¶49 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶49 of Plaintiff's Complaint.  Defendants only admit that 73 P.S. §201-2(2) speaks for itself.

50.  The allegations contained in ¶50 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶50 of Plaintiff's Complaint.  Defendants only admit that 73 P.S. §201-2(3) speaks for itself.

51.  The allegations contained in ¶51 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶51 of Plaintiff's Complaint.  Defendants only admit that 73 P.S. §201-2(4) speaks for itself.

52.  The allegations contained in ¶52 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶52 of Plaintiff's Complaint.  Defendants only admit that 73 P.S. §201-3 speaks for itself.

53.  The allegations contained in ¶53 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶53 of Plaintiff's Complaint.

54.  Defendants deny that they violated any statute and the allegations contained in ¶54 of Plaintiff's Complaint are conclusions of law to which no answer is required.

COUNT THREE

55.  All allegations repeated and/or incorporated by reference by Plaintiff in ¶55 of his Complaint are admitted and denied in the same manner and to the same extent as all such allegations have been admitted and/or denied by the

Defendants herein.

56.  The allegations contained in ¶56 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶56 of Plaintiff's Complaint.

57.  The allegations contained in ¶57 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶57 of Plaintiff's Complaint.

58.  The allegations contained in ¶58 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶58 of Plaintiff's Complaint.

59.  The allegations contained in ¶59 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶59 of Plaintiff's Complaint.

60.  The allegations contained in ¶60 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶60 of Plaintiff's Complaint.

61.  The allegations contained in ¶61 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer

is required, Defendants deny the allegations contained in ¶61 of Plaintiff's Complaint.

62. The allegations contained in ¶62 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶62 of Plaintiff's Complaint.

63. The allegations contained in ¶63 of Plaintiff's Complaint are conclusions of law to which no answer is required.  To the extent that any answer is required, Defendants deny the allegations contained in ¶63 of Plaintiff's Complaint.

AND NOW, in further Answer to the Complaint, Defendants LVNV and Apothaker & Associates, P.C. aver as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event LVNV and/or Apothaker & Associates, P.C. is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was (were) not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

At no time did Defendants LVNV and/or Apothaker & Associates use unfair, unconscionable, false, misleading or deceptive means to collect on Plaintiff's account.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Defendants LVNV and/or Apothaker & Associates, P.C. engage in any conduct meant to harass, abuse or oppress the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Defendants LVNV and/or Apothaker & Associates, P.C.'s actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by Plaintiff, the existence of which is denied.

WHEREFORE, Defendants LVNV and Apothaker & Associates, P.C. respectfully request that this answer be deemed good and sufficient; that Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, pursuant to Federal and State law; that Plaintiff be ordered to pay reasonable attorney's fees and costs for LVNV and/or Apothaker & Associates, P.C. and for all other general and equitable relief.

Respectfully submitted,

/s/ Richard A. Kessler

Richard A. Kessler, Esq.
(Pa Id #27859)
Centre Square - West Tower
1500 Market Street, 41st Floor
Philadelphia, PA  19102
215-735-8000
rkessler@kesslerlaw.us

Attorney for LVNV and Apothaker & Associates, P.C.


CERTIFICATE OF SERVICE

I certify that on this 30th day of March 2011, a copy of the foregoing

Answer and Affirmative Defenses of Defendants LVNV and Apothaker &

Associates, P.C. was filed electronically via the ECF system.  Notice of this filing

will be sent to the parties of record by operation of the Court's electronic filing

system, including plaintiff's counsel as described below.  Parties may access this

filing through the Court's system.

Joseph J. Mullaney, III, Esquire
jmullaney@consumerlitigators.com


/s/ Richard A. Kessler_____